**Stuart M. CHRISTHILF, Jr., M. D., Appellant,**

v.

**The ANNAPOLIS EMERGENCY HOSPITAL ASSOCIATION, INC., doing business as Anne Arundel General Hospital, Appellee.**

No. 76–1224.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1976.

Decided April 5, 1977.

---

Abel J. Merrill, Annapolis, Md. (Merrill & Lilly, Annapolis, Md., on brief), for appellant.

Richard Bloch, Baltimore, Md. (John F. King, Frederick G. Savage, Anderson, Coe & King, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and HALL, Circuit Judges.

PER CURIAM:

Dr. Christhilf's dispute with The Annapolis Emergency Hospital Association, Inc. (hospital) was previously considered by us in *Christhilf v. Annapolis Emergency Hospital Ass'n, Inc.*, 496 F.2d 174 (4 Cir. 1974). The only remaining issue is whether Dr. Christhilf is entitled to recover damages. The doctor sought damages because the hospital had terminated his hospital privileges without due process of law. The district court denied recovery, apparently on the theory that the doctor was not entitled to recover loss of earnings during the period of suspension, sustained because he could not treat patients in the hospital. We agree. However, the doctor's claim for damages is broad enough to include both nominal damages for the denial of his right to due process and damages, if any, resulting from the delay in affording him due process. We therefore vacate the district court's judgment and remand the case for further proceedings.

I.

The facts of the case are set forth in our prior opinion. We held that the doctor had been denied procedural due process of law by the manner in which his hospital privileges had been terminated and that he had not waived his right to notice and a hearing by his untimely withdrawal from a first hearing before the hospital board. We therefore directed that the doctor's privileges be restored, unless the hospital afforded him another hearing within a reasonable time and the evidence at that hearing established a proper basis to suspend or revoke his privileges. We specifically said, however, that in view of the gravity of the charges, the findings of the hospital's medical board and staff, and the delay and expense caused by the doctor's withdrawal from the first hearing, the doctor's privileges need not be restored pending the second hearing.

Upon remand, a new hearing was held and the doctor was permanently suspended. The sufficiency of the hearing was sustained by the district court, and the doctor

does not contest the correctness of that decision in this appeal. He does, however, contest the district court's denial of all monetary relief.

## II.

We have no doubt that the doctor is *not* entitled to recover loss of income resulting from his inability to treat patients in the hospital from the date that his privileges were originally suspended until the date that, due process having been afforded him, the suspension was made permanent. Indeed, this point was implicitly decided in the prior appeal where we held that the doctor was only entitled to a *post*-termination hearing, and his privileges could be suspended until that hearing, provided that it was convened within a reasonable time.

But the fact is that the doctor's right to a post-termination hearing comporting with the Constitution was effectively denied him from October, 1971 until June 2, 1975, the date on which his suspension was made permanent (less only the period in the early stages of the litigation when the district court ordered his privileges restored until his case could be heard). This lengthy interval exceeded the "reasonable period" prescribed in our prior opinion as necessary for the holding of a post-termination hearing. Since the doctor's right to a hearing arose from his constitutionally protected property interest in continued employment and his liberty interest in his professional reputation, it follows that the doctor is at least entitled to nominal damages for the denial of his rights.

The doctor may also be entitled to recover more. It is possible that the delay in giving him the hearing to which he was entitled within a reasonable period may have occasioned losses beyond the loss of income from his inability to treat patients at the hospital. He may reasonably have thought that when afforded a proper hearing he would prevail, and, as a consequence, he may have declined other employment or he may have refused privileges at another hospital where privileges were tendered. The district court's summary denial of the

doctor's broad motion for damages foreclosed proof of any damages stemming from the unreasonable delay in affording the doctor a proper hearing. We think that he should have that right.

*VACATED AND REMANDED.*